# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61231-CIV-DIMITROULEAS/ROSENBAUM

PARROT, INC., a Texas corporation,

       Plaintiff,

v.

NICESTUFF DISTRIBUTING
INTERNATIONAL, INC., a Florida
corporation,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

These matters are before the Court on Plaintiff Parrot, Inc.'s Motion for Entry of Judgment [D.E. 202], Verified Motion for Attorney's Fees [D.E. 196], and Verified Motion for Costs [D.E. 197], pursuant to Orders of Referral from the Honorable William J. Dimitrouleas for appropriate disposition or report and recommendation [D.E. 199, 203].   After review of all Motions, all supporting and opposing filings, and the record, I recommend that Plaintiff Parrot, Inc.'s Motion for Entry of Judgment [D.E. 202] be granted in part and denied in part, Plaintiff's Verified Motion for Attorney's Fees [D.E. 196] be granted, and Plaintiff's Verified Motion for Costs [D.E. 197] be granted in part and denied in part, as set forth in this Report and Recommendation.

## I. Background

Plaintiff Parrot, a New York corporation, brought this action on August 11, 2006, to recover payment in excess of $75,000.00 for electronic communications equipment allegedly ordered and received by NiceStuff Distributing International, Inc. ("NiceStuff International"), between September 29, 2005, and January 30, 2006. D.E. 1.  NiceStuff International, a Florida corporation, counter-

claimed, contending that Parrot had breached its contract with NiceStuff International and had tortiously interfered with NiceStuff International's attempts to distribute Parrot products in the Northwest.

On May 11, 2007, the parties filed a Joint Motion for Entry of Consented Final Judgment in Favor Of Plaintiff. D.E. 29; D.E. 29-1. The Court granted the parties' Joint Motion on May 14, 2007, and entered the parties' requested Consented Final Judgment in Favor of Plaintiff, which ordered that "Plaintiff, PARROT, INC., . . . shall have and recover from Defendant, NICESTUFF DISTRIBUTING INTERNATIONAL, INC., . . . the sum of $160,740.56, plus interest at the legal rate, currently 11% per year, for all of which let execution issue." D.E. 30.

In aid of execution of the judgment entered for Plaintiff in this case, Plaintiff set a deposition for NiceStuff International's corporate representative, and service was made on Michael Savuskan, former chief executive of NiceStuff International. After no one appeared for deposition, on July 18, 2007, Plaintiff filed a Motion for Contempt and to Compel Deposition. D.E. 31. The Court denied Plaintiff's Motion for Contempt, but granted its Motion to Compel and directed that NiceStuff International "shall pay the reasonable costs and fees incurred by Plaintiff as a result of appearing at NiceStuff International's originally set deposition and as a result of Parrot's filing of and prosecution of its Motion to Compel." D.E. 66 at 28. In its Order, the Court directed Plaintiff to file an affidavit setting forth the reasonable costs and fees incurred, and granted Defendant NiceStuff International time to object. D.E. 66.

On December 24, 2007, Plaintiff filed its Notice of Filing Affidavit in Support of Fees Regarding Motion to Compel, including the Affidavit of William K. Hill, Plaintiff's lead counsel, requesting a total of $16,319.00 in fees and costs relating to its Motion to Compel. D.E. 72. In his

Affidavit, Mr. Hill averred that Plaintiff incurred attorney's fees in the amount of $16,244.00 for 54 hours of attorney and paralegal time. *Id.* Mr. Hill asserted that a fourth-year associate attorney, Melissa Pallett-Vasquez, Esq., billed at an hourly rate of $280.00 and expended 35.1 hours, totaling $9,828.00 in attorney fee time, paralegal Jessica Carranza billed at an hourly rate of $190.00 and expended 7.6 hours, totaling $1,444.00 in paralegal fee time, and partner Mr. Hill billed at an hourly rate of $440.00 and expended 11.3 hours, totaling $4,972.00 in attorney fee time. *Id.* Mr. Hill noted that he had been an attorney since 1988, is a partner at Bilzin Sumberg Baena Price & Axelrod LLP, and served as lead counsel in this case, and he detailed his past professional experience. *Id.* Additionally, Mr. Hill averred that these hourly rates fall within the range of reasonable hourly rates in the community. *Id.* Besides the fees, Mr. Hill stated that Plaintiff also sought $75.00 in costs for the court reporter for attending the deposition at which NiceStuff International failed to appear on July 7, 2007. *Id.* NiceStuff International did not file any objections to Plaintiff's Affidavit.

When Parrot failed to obtain recovery as a result of the Consented Judgment from NiceStuff International, and based on matters learned during discovery in aid of execution, on August 22, 2008, Plaintiff filed a Motion to Commence Supplementary Proceedings and to Implead Third Parties NiceStuff Distributing, Inc. ("NiceStuff Distributing"), Michael Savuskan, Ekaterina Savuskan, and Teymur Karayev. D.E. 81. In an October 16, 2008, Order, Judge Dimitrouleas granted Plaintiff's Motion [*see* D.E. 81] and referred the supplementary proceedings to me [D.E. 87].

On January 23, 2009, Plaintiff filed a Motion to Implead Ekaterina Savuskan, Inc.("ESI"). D.E. 120. Judge Dimitrouleas granted Plaintiff's Motion and referred supplementary proceedings against ESI to me on January 27, 2009. D.E. 127. Following the parties' extensive briefing and discovery, on March 9, 2009, the Court held an evidentiary hearing regarding supplementary

proceedings . D.E. 105.  I issued a Report and Recommendation regarding these supplementary

proceedings on June 16, 2009.  D.E. 166.

On September 3, 2009, Judge Dimitrouleas issued an Order adopting in part my June 16,

2009, Report and Recommendation.  D.E. 191.  In the relevant part, the September 3, 2009, Order,

holds that

> pursuant to Fla. Stat. §56.29(6)(b), the Court hereby VOIDS all
> transfers from NiceStuff Distributing International, Inc., directly or
> indirectly to Michael Savuskan, NiceStuff Distributing, Inc.,
> Ekaterina Savuskan, Ekaterina Savuskan, Inc. (ESI), Teymur
> Kar[a]yev (except to the extent it would void wages from March 2006
> through October 2006, in the amount of $6,118.85) following service
> on NiceStuff International by Parrot of this lawsuit.  The corporate
> veils of NiceStuff Distributing International, Inc., NiceStuff
> Distributing, Inc., and ESI are pierced, such that the alter ego Michael
> Savuskan is personally liable for the judgment against NiceStuff
> Distributing International, Inc.

*Id.* at 3.  In this September 3, 2009, Order,  Judge Dimitrouleas determined that NiceStuff

Distributing, ESI, and Michael Savuskan are liable to the same extent as NiceStuff International.

*Id.*

On October 20, 2009, Plaintiff filed its Verified Motion for Attorney's Fees [D.E. 196] and

Motion for Costs [D.E. 197].  In its Verified Motion for Attorney's Fees, Plaintiff requests attorney's

fees relating to the supplementary proceedings pursuant to Florida Statute §56.29(11) from NiceStuff

International and Michael Savuskan, and asserts that it is entitled to an award of fees to totaling

$146,854.50. D.E. 196.  According to Plaintiff's Motion, Plaintiff seeks the fees for partner William

K. Hill, associates Melissa Pallett-Vasquez and Jacqueline O'Reilly, and paralegal Fanny

Matas, at the following rates, by year:

|  | 2008 Rate | 2009 Rate |
|---|---|---|
| William K. Hill | $475 | $500 |
| Melissa Pallett-Vasquez | $310 | $335 |
| Jacqueline O'Reilly | $250 | $270 |
| Fanny Matas | $200 | $205 |

*Id.* Plaintiff represents in its Verified Motion that these hourly rates reflect the normal rates charged for the time of professionals of the firm that represents Plaintiff in this case, Bilzin Sumberg Baena Price &Axelrod, LLP. *Id.* In further support of these rates, Plaintiff states that Mr. Hill is a partner in the litigation department with 22 years of experience and has principal responsibility for the case. *Id.* Plaintiff further indicates that two associates, Ms. Pallett-Vasquez, a sixth- year associate, and Ms. O'Reilly, a third-year associate, and an experienced paralegal, Ms. Matas, assisted Mr. Hill in representing Plaintiff in this case. *Id.* Plaintiff attached the résumés of Mr. Hill, Ms. Pallett-Vasquez, Ms. O'Reilly, and Ms. Matas, reflecting their professional experience. *Id.*

According to its Motion, Plaintiff requests fees for 459.2 hours of time billed by attorneys and paralegals at various rates. D.E. 196. In support of the requested number of hours Plaintiff seeks, Plaintiff submits redacted billing records of hours billed by the attorneys and paralegals from August, 2008, through the end of September, 2009, the period of the supplementary proceedings. *See* D.E. 197-1. For the year 2008, Plaintiff seeks 23.9 hours for Mr. Hill, 3.1 hours for Ms. Pallett-Vasquez, 114.7 hours for Ms. O'Reilly, and 1.1 hours for Ms. Matas. For the year 2009, Plaintiff seeks 84.4 hours for Mr. Hill, 67.2 hours for Ms. Pallett-Vasquez, 110.0 hours for Ms. O'Reilly, and

54.8 hours for Ms. Matas.  D.E. 196.  Based on the requested hourly rates and 459.2 billing hours,[1]

Plaintiff asks for the following specific amounts in fees:

| Attorney or Paralegal | Total 2008 Hours | 2008 Hourly Rate | 2008 Fee Total | Total 2009 Hours | 2009 Hourly Rate | 2009 Fee Total | Grand Totals |
|---|---|---|---|---|---|---|---|
| William K. Hill | 23.9 | $475 | $11,352.50 | 84.4 | $500 | $42,200.00 | $53,552.50 |
| Melissa Pallett-Vasquez | 3.1 | $310 | $961.00 | 67.2 | $335 | $22,512.00 | $23,473.00 |
| Jacqueline O'Reilly | 114.7 | $250 | $28,675.00 | 110.0 | $270 | $29,700.00 | $58,375.00 |
| Fanny Matas | 1.1 | $200 | $220.00 | 54.8 | $205 | $11,234.00 | $11,454.00 |
| **TOTAL** | | | | | | | **$146,854.50** |

*Id.*  Plaintiff notes that it is not seeking a fee award for those individuals whose time is included in

the submitted billing records but the individual billed fewer than 15 hours.  *Id.*  In sum, Plaintiff

requests 459.2 hours at requested billable rates for a total of $146, 854.50 in fees.  *Id.*

In addition to the total amount of fees sought for the supplementary proceedings, Plaintiff

also requests the fees for 4.3 hours of time expended by Ms. Pallett-Vasquez in preparing the

Verified Motion for Attorney's Fees itself, which is not included in the total set forth above.  D.E.

196 at 5, n 3.  At Ms. Pallett-Vasquez's requested rate for the year 2009 of $335 an hour, Plaintiff

requests $1,440.50 for preparation of its Motion for Attorney's Fees.  *Id.*  Consequently, in Plaintiff's

Verified Motion for Attorney's Fees, Plaintiff requests a revised grand total of $148,295.00 in

---

[1]459.2 billing hours is the total calculated amount of hours from both 2008 and 2009 requested by Plaintiff (23.9 + 3.1 + 114.7 + 1.1 + 84.4 + 67.2 + 110.0 + 54.8 = 459.2).

attorney's fees[2] for 463.5 hours of time billed.[3]

In support of the reasonableness of Plaintiff's requested fees, Plaintiff submits the expert opinion of Amy Galloway, a director at Tripp Scott, P.A.  D.E. 196-2.  In her Affidavit, Ms. Galloway states that she has been a practicing attorney in South Florida since 1987.  *Id.*  Further, Ms. Galloway represents that she reviewed the file of this action, conferred with counsel regarding the issues and services rendered, and is familiar with the fees customarily charged by attorneys in South Florida area for such services.  *Id.*  In light of her experience, Ms. Galloway opines that hourly rates between $475 to $500 for lead counsel Hill, $310 to $335 for Ms. Pallett-Vasquez, $250 to $275 for Ms. O'Reilly, and $200 to $205 for Ms. Matas are appropriate.  *Id.*  Galloway states these rates are commensurate with the respective attorneys' experience.  *Id.*  She further concluded that $150,000.00 is a reasonable amount of attorney's fees expended in the matter, particularly in light of the conduct of NiceStuff International in attempting to avoid the Consent Judgment and the necessity for supplemental proceedings, as set forth by in the Report and Recommendation.  *Id.*

Plaintiff's Verified Motion for Costs [D.E. 197] seeks $8,969.78 in costs related to the supplementary proceedings.  Plaintiff requests these costs pursuant to Florida Statute § 56.29(11) and Rule 54(d)(1), Fed. R. Civ. P., as the prevailing party.  *Id.*  In its Verified Motion for Costs, Plaintiff details the specific costs it seeks as including $70.00 for service fees, $2,574.15 in transcript expenses, $45.00 in witness fees, $4,356.22 for photocopies, $1,122.28 for legal research on Westlaw, $104.52 for postage, $84.37 for long distance telephone charges, $35.76 for PACER fees,

---

[2] This amount is calculated as follows: $146,854.50 in fees for the supplemental proceedings + $1,440.50 in fees for preparation of its Motion for Attorney's Fees = $148, 295.00.

[3] This amount is calculated as follows: 459.2 hours billed for the supplementary proceedings + 4.3 hours billed for preparation of its Motion for Attorney's Fees = 465.5 hours.

$299.00 for telecopies, $47.01 for corporate searches, $110.00 for parking, and $121.47 for Federal Express Charges. *Id.* Plaintiff justifies these costs as being necessitated by the extensive briefing of the supplementary proceedings, the condensed time period of the proceedings, the detailed discovery, and the aggressiveness of the defense. *Id.* In support of its transcript costs, Plaintiff points out that Plaintiff made the vast majority of these copies for briefing the issues in the supplementary proceedings and exhibits used at the March 9, 2009, evidentiary hearing. *Id.* Plaintiff further asserts that during the course of the supplementary proceedings, it obtained and filed numerous transcripts. *Id.* Additionally, Plaintiff relies on the expedited nature of the briefing during the supplementary proceedings as requiring the use of overnight courier services and telecopies. *Id.* According to Plaintiff, these requested costs are reasonable, appropriate, and taxable under 28 U.S.C. § 1920. *Id.*

To support its Verified Motion for Attorney's Fees as well as its Motion for Costs, Plaintiff submits an Affidavit by attorney Hill. D.E. 196-1. Mr. Hill attests that he fully reviewed the time records and supporting data, and affirms that the Motions were well grounded in fact and justified. *Id.* In his Affidavit, Mr. Hill details his professional experience and offers that the rates as set forth in Plaintiff's Motion are the standard hourly rates and are consistent with the local market for professionals of the same experience. *Id.* Further, Mr. Hill asserts that he and Ms. Pallett-Vasquez have exercised billing judgment in their review of the billing records, and they have excluded any extraneous time or costs. *Id.*

On October 22, 2009, Judge Dimitrouleas referred Plaintiff's Motions for Verified Attorney's Fees and Costs to me for appropriate disposition or report and recommendation. D.E. 199. Responses or objections to Plaintiff's Verified Motions for Attorney's Fees and Costs were due on

November 6, 2009, but neither Defendant nor Impled Defendants filed any responses.  On November 10, 2009, the Court issued an Order to Show Cause to Defendants directing them to file their responses by November 18, 2009.  D.E. 200.

Plaintiff filed is Motion for Entry of Judgment on November 11, 2009.  D.E. 202.  In its Motion for Entry of Judgment, Plaintiff seeks for the Court to enter judgment against NiceStuff International, NiceStuff Distributing, and Michael Savuskan, personally, for the following: 1) $160,740.56, plus interest at a legal rate, pursuant to the Consented Final Judgment in Favor of Plaintiff [*see* D.E. 30]; 2) $16,319.00 in costs and fees incurred by Parrot as a result of appearing at NiceStuff International's originally set deposition and as a result of Plaintiff's filing or and prosecution of its Motion to Compel [*see* D.E. 31, 66, 72]; and 3) $155,824.28 in reasonable fees and costs ($146,854.50 in fees + $8,969.78 in costs = $155,824.28), incurred by Plaintiff as a result of supplementary proceedings, pursuant to Florida Statute § 56.29(11), plus the fees incurred in connection with bringing the motions for fees and costs, or such other amount as the Court deems proper as set forth in Plaintiff's Verified Motions for Attorney's Fees and Costs [*see* D.E. 196, 197].

On the same day, November 11, 2009, Teymur Karayev as well as  NiceStuff Distributing, filed a Response to the Court's Order to Show Cause regarding the lack of response to Plaintiff's Verified Motions for Attorney's Fees and Costs. D.E. 201.  In their Response, both Mr. Karayev and NiceStuff Distributing argue that Plaintiff's Verified Motions for Attorney's Fees and Costs [*see* D.E. 196, 197] do not seek recovery from them.  *Id.*  As such, Mr. Karayev and NiceStuff Distributing, assert that Plaintiff is not entitled to relief against them, and requests that the Court deny these Motions against them.  *Id.*  This Response does not object to any of the attorney's fees or costs requested by Plaintiff.  *Id.*  NiceStuff International, ESI, and Michael Savuskan all failed to file any

response to the Court's November 10, 2009, Order to Show Cause or Plaintiff's Verified Motions for Attorney's Fees and Costs.

On December 1, 2009, Judge Dimitrouleas referred Plaintiff's Motion for Entry of Judgment [*see* D.E. 202] to me for disposition or report and recommendation.  D.E. 203.  On the same date, December 1, 2009, any response or objection to Plaintiff's Motion for Entry of Judgment [*see* D.E. 202] was due to be filed with the Court, but none was filed.

On December 14, 2009, the Court issued an Order Directing Plaintiff's Response regarding Plaintiff's Verified Motion for Costs [*see* D.E. 197].  D. E. 204.   In the December 14th Order, the Court directed Plaintiff to provide by December 21, 2009, all invoices and documents supporting the costs sought in its Verified Motion for Costs. *Id.*

 On December 21, 2009, Plaintiff filed its Notice of Filing of Supplemental Documentation In Support of Its Motion for Costs.  D.E. 205.   In its Notice, Plaintiff provides more detail regarding the specific costs it seeks, submits additional documentation in support of its costs, and revises its total amount of requested costs to $8,859.78.[4]  *Id.*

### III.  Analysis

**A.     Plaintiff's Motion for Entry of Judgment: Requested Relief**

For the reasons set forth below, I recommend that Plaintiff Parrot's Motion for Entry of Judgment [D.E. 202] be granted in part and denied in part.

---

[4] This revised total of requested costs of $8,859.78 is calculated as follows:  $70.00 (service fees) + $2,574.15 (transcript expenses) + $45.00 (witness fees) + $4,356.22 (photocopies) + $1,122.28 (Westlaw legal research) + $104.52 (postage) + $84.37 (long-distance telephone charges) + $35.76 (PACER fees) + $299.00 + (telecopies) + $47.01 (corporate searches) + $121.47 (Federal Express charges) = $8,859.78.  Plaintiff withdrew its request for parking costs.

1.    **Consented Final Judgment in Favor of Plaintiff [D.E. 30]**

I recommend that the Court grant Plaintiff's Motion for Entry of Judgment in regard to enforcement of the Consented Final Judgment in Favor of Plaintiff [*see* D.E. 30] against NiceStuff International, NiceStuff Distributing, ESI, and Michael Savuskan.  The record reflects that on May 11, 2007, Parrot and NiceStuiff International agreed to the Consented Final Judgment in Favor of Plaintiff for the judgment of $160, 740.56, plus interest at a legal rate, at 11% per year [*see* D.E.29, 29-1], which the Court granted on May 14, 2007 [*see* D.E. 30].  In the Court's September 9, 2009, Order, Judge Dimitrouleas held that NiceStuff Distributing, ESI, and Michael Savuskan were alter egos of NiceStuff International and, thus, that they were liable to the same extent as NiceStuff International.  D.E. 191  Accordingly, I recommend that the Court enforce the Consented Final Judgment in Favor of Plaintiff [*see* D.E. 30] against NiceStuff International, NiceStuff Distributing, ESI, and Michael Savuskan for the judgment of **$160,740.56, plus interest at a legal rate, at 11% per year**.

2.    **Fees relating to Plaintiff's July 18, 2007, Motion to Compel**

Next, I consider Plaintiff's request for fees relating to the filing of Plaintiff's Motion to Compel [*see* D.E. 31], set forth in Plaintiff's Notice of Filing Affidavit in Support of Fees Regarding Motion to Compel [*see* D.E. 72], as ordered by the Court on November 26, 2007  [*see* D.E. 66].

a.    **Applicable Standard**

Once the Court has determined that a party is entitled to fees, the Court next addresses the calculation of fees.  This Circuit has adopted the lodestar method to determine reasonable attorneys' fees.  *Norman v. The Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). In computing the lodestar, the Court must first determine the reasonable hourly rate.  In the Eleventh

Circuit, a "reasonable hourly rate" equates to "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303). Moreover, although the Eleventh Circuit set forth the lodestar approach in *Norman*, it reiterated that at least some of the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974),[5] still have some utility in establishing the hourly rate.[6] *Norman*, 836 F.2d at 1299.

Once the Court determines the reasonable hourly rate, it must find the reasonable number of

---

[5]    The *Johnson* case was followed for many years by the Eleventh Circuit in setting a reasonable attorney's fee. However, the Supreme Court moved away from using the *Johnson* factors in determining fees and adopted the more objective and predictable lodestar formula. *See Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546 (1986).

[6]    The twelve *Johnson* factors that may be considered when setting a fee include the following:

> (1) the time and labor required;
> (2) the novelty and difficulty of the issues;
> (3) the skill required to perform the legal services properly;
> (4) the preclusion of other employment;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) the time limitations imposed by the client or circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation and ability of the attorneys;
> (10) the undesirability of the case;
> (11) the nature and length of professional relationship with the client; and
> (12) the awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

hours expended in the litigation. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). When objections to fee petitions are raised, such objections must be precise and reasonably specific. *See ACLU of Georgia*, 168 F.3d at 427; *Norman*, 836 F.2d at 1301. The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation. *See ACLU of Georgia*, 168 F.3d at 428. So that the Court may accurately determine the amount of fees to be awarded, the fee applicant must provide the Court with specific and detailed evidence. *Id.* If the party moving for the fees fails to exercise required billing judgment, the Court is obligated to do so by reducing the number of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." *Id*. Despite the lack of specific objection regarding any of Plaintiff's expenses, the Court must scrutinize all expenses requested. *See id.*

### b. Determination of Reasonable Expenses

First, the Court notes that the November 26, 2007, Order granted Plaintiff certain fees relating to its Motion to Compel against NiceStuff International pursuant to Rule 37(a)(4), Fed. R. Civ. P., which permits a court to award any "reasonable expenses, including attorney's fees," incurred in bringing a motion to compel.   Thus, the Court's November 26th Order established Plaintiff's entitlement to certain fees. *See* D.E.66.

Second, turning to Plaintiff's Notice of Filing Affidavit in Support of Fees Regarding Motion to Compel [*see* D.E. 72], the Court has reviewed Plaintiff's filing and supporting documentation, unopposed by any party, and finds that the rates sought by Plaintiff for its associate, partner, and

paralegal hours are reasonable under the circumstances of this case and fall within the range for similarly situated individuals in the legal community.  For the year, 2007, an hourly rate of $440.00 for a partner with 19 years of experience, and $290.00 for an fourth-year associate, fall well within rates charged by law firms in the local market.  *See, e.g., CC-Aventura, Inc. v. Weitz Co., LLC*, 2008 WL 276057, * 2 (S.D. Fla. Jan. 31, 2008) (holding as reasonable eighth-year associate hourly rate of $400 and first-year associate hourly rate of $200); *CBS Broadcasting, Inc. v. Browning*, 2007 WL 2850527, *7 (S.D. Fla. Sept. 21, 2007) (holding reasonable partner hourly rates of $350-550, seventh-year associate hourly rate at $375, fourth-year associate hourly rates at $325-350 and second-year associate at $175); *Topp, Inc. v. Uniden America Corp.*, 2007 WL 2155604, *2-3 (S.D. Fla. July 25, 2007) (holding as reasonable attorney hourly rate of $551).  Regarding the requested paralegal rate of $190.00 an hour, the Court also finds that this hourly rate is reasonable under the circumstances specific to this case.  While normally the Court would find an hourly rate of $190.00 for paralegal work to fall perilously close to the high end of reasonable rates, in light of the lack of any opposition to this rate, as well as the finding of another Florida district court that such a paralegal rate is reasonable, *see, e.g., Global Finance, LLC v. Pay Pro Card Corp.*, 2008 WL 4663900, *2-3 (M.D. Fla. Oct. 20, 2008) (finding that hourly rate of $170 to $190 for paralegal work reasonable), I recommend that the Court award Plaintiff an hourly rate of $190.00 for the paralegal work performed.[7]

Based on a review of Plaintiff's Motion to Compel [D.E.31], its Request for Hearing and

---

[7] The Court notes that an hourly rate of $190.00 for paralegal work has generally been reduced by other courts in the Southern District of Florida, *see, e.g.,Gerhardt v. Fine Line Collusion, Inc.*, 2008 WL 5054098, * 6 (S.D. Fla. Nov. 26, 2008) (reducing requested paralegal rates of $130 and $190 an hour to $75 an hour), and thus, restricts this holding to the circumstances of this case only.

Status Conference [D.E. 43], its Motion For Leave to File Response to Non-Party Michael Savuskan's Response to Plaintiff's Request for Hearing and Status Conference [D.E. 48], its Response to Non-Party Savuskan's Response to Plaintiff's Request for Hearing and Status Conference [D.E. 50], its Memorandum of Law Regarding the Court's Jurisdiction to Hearing Plaintiff's Motion to Compel Deposition [D.E. 61], and its Affidavit [D.E.72],  reimbursement for the expenditure of 54 hours of attorney and paralegal time is reasonable overall.  With some exceptions noted below, the Court holds that the majority of Plaintiff's requested hours for its various filings and extensive research are reasonable due to NiceStuff International's failure to appear for its corporate deposition, to make an appearance through counsel in Court, and to respond to Plaintiff's discovery requests in aid of execution of the Consent Judgment in its favor, as well as  Mr. Savuskan's motions to the Court that bore on Plaintiff's Motion to Compel and necessitated response by Plaintiff.  Further, no party has objected to any of Plaintiff's requested hours.

In light of the scope of fees granted by the Court in its November 26 Order, some of Plaintiff's requested fee amount will be reduced.  As noted above, the Court granted Plaintiff fees relating to the non-appearance of the corporate representative of NiceStuff International at a scheduled deposition [*see* D.E.66], but this does not include Plaintiff's attorney and paralegal preparations for the deposition.  All time related to preparation for the deposition will be excluded from the requested amount, which as evidenced by Plaintiff's Affidavit, includes all time billed from May 7, 2007, through July 5, 2007.  *See* D.E. 72, Ex. 1.  Plaintiff had to expend time to prepare for the corporate deposition, eventually, anyway, as the Court granted Plaintiff's Motion to Compel the corporate deposition.  Consequently, time spent preparing the deposition was not wasted or unnecessary.

During this time period, Ms. Pallett-Vasquez expended 2.5 hours.  Additionally, on July 6,

2007, the day of the scheduled deposition for which NiceStuff International failed to appear, Ms. Pallett-Vasquez billed part of her time as "[p]repare for deposition of corporate representative . . . ." D.E. 72, Ex. 1 at 4. Ms. Pallett-Vasquez billed a total of 2.5 hours on this day, of which one hour will be subtracted for the preparation time for the deposition. As such, Ms. Pallett-Vasquez's total billed time will be reduced by a total of 3.5 hours. The paralegal, Ms. Carranza, billed 3.8 hours during this time period, which will be deducted from the total amount of hours requested for Ms. Carranza. Mr. Hill did not bill any time during this period.

The scope of the Court's November 26th Order also does not include the preparation of the subpoena for the deposition of Mr. Savuskan on November 2, 2007. On November 2, 2007, Ms. Pallett-Vasquez billed part of her time as "[r]eview, revise and finalize subpoena duces tecum and notice of taking deposition duces tecum of M. Savuskan . . . " D.E. 72, Ex. 1, p. 14. Ms. Pallett-Vasquez billed a total of 4.8 hours on this day, of which one hour will be subtracted for the preparation time for Mr. Savuskan's subpoena. Ms. Pallett-Vasquez's total associate time, including both the reduction for deposition preparation time of 3.5 hours and preparation time for Mr. Savuskan's subpoena of one hour, will be reduced by 4.5 hours.

Based on the reductions outlined above, the Court will make an overall reduction of 8.3 hours of associate and paralegal time from the 54 hours requested by Plaintiff, to 45.7 hours of attorney and paralegal time in fees. In summary, specifically, the Court reduces Ms. Pallett-Vasquez's requested total attorney time of 35.1 hours by 4.5 hours, for a new total of 30.6 hours, and Ms. Carranza's requested total paralegal time of 7.6 hours by 3.8 hours, for a new total of 3.8 hours. The Court recommends no reduction in the hours or hourly rate requested for Mr. Hill. Under the reasonable hourly rates, based on the number of hours per associate attorney and paralegal, 30.6 hours of

16

associate Ms. Pallett-Vasquez's time at a rate of $280.00, totals $8,568.00, 3.8 hours of paralegal Ms. Carranza's time at a rate of $190.00, totals $722.00, and 11.3 hours for partner Mr. Hill's time at a rate of $440.00, totals $4,972.00, for a grand total of $14,262.00.  Consequently, I recommend that the Court award $14,262, in fees to Plaintiff for 45.7 hours of attorney and paralegal time. Furthermore, Plaintiff's request for expenses of $75.00 for the court reporter fee for appearing at deposition that NiceStuff International failed to attend on July 6, 2007 is also reasonable and should be included in Plaintiff's award.

In sum, I recommend that fees of $14,262.00 and expenses of $75.00 for a total amount of **$14,337.00** should be awarded to Plaintiff for reasonable expenses relating to its July 18, 2007, Motion to Compel [*see* D.E. 31] pursuant to the Court's November 26, 2007, Order [*see* D.E. 66]. Furthermore, in light of the Court's September 9, 2009, Order finding that NiceStuff Distributing, ESI, and Michael Savuskan were liable to the same extent as NiceStuff International [*see* D.E. 191], I recommend that these fees be imposed against NiceStuff International, NiceStuff Distributing, ESI, and Michael Savuskan in favor of Plaintiff.

   **3.    Plaintiff's Pending Verified Motions for Attorney's  Fees and Costs [*See* D.E. 196, 197]**

Next, I consider Plaintiff's third request for relief in its Motion for Entry of Judgment, regarding its pending Verified Motions for Attorney's Fees and Costs [*see* D.E. 196, 197].  These Verified Motions seek fees and costs relating to the supplementary proceedings that took place after entry of the Consented Final Judgment.  *Id.*  As such, the Court starts with the applicable law regarding supplementary proceedings.

Federal Rule of Civil Procedure 69(a) provides, in pertinent part, "The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in

aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable." The "practice and procedure" for proceedings supplementary in the State of Florida is set forth in Fla. Stat. § 56.29.  The provisions of section 56.29 are "intended to afford to a judgment creditor the most complete relief possible in satisfying his judgment" without the necessity of initiating a separate action. *Regent Bank v. Woodcox,* 636 So.2d 885, 886 (Fla. 4th DCA 1994).  "The statute is intended to empower . . . courts with the right to subject all property or property rights of any defendant in execution, however, fraudulently conveyed, covered up, or concealed, and whether in the name or possession of third parties or not, to the satisfaction of an execution outstanding against a defendant."  *Arrellano v. Bisson*, 847 So.2d 998, 1000 (Fla. 3rd DCA 2003) (citing *State ex rel. Phoenix Tax Title Corp. v. Viney*, 163 So.2d 57, 60 (1935)).  Due to the equitable foundations of Florida' supplementary proceedings statute, according to Florida case law, courts have broad discretion to carry out the intent and purpose of the statute. *See Donan v. Folce Vita Sa, Inc.*, 992 So.2d 859, 861 (Fla. 4th DCA 2008) (citing *Puzzo v. Ray*, 386 So.2d 49, 51 (Fla. 4th DCA 1980); *Gen. Gur. Ins. Co. Of Fla. v. DaCosta*, 190 So.2d 211, 213 (Fla. 3d DCA 1966).  The Court granted Plaintiff supplementary proceedings under § 56.29, Fla. Stat.  *See* D.E. 87, D.E. 127.

Pursuant to Florida Statute § 56.29, Fla. Stat.,

> (11) Costs for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable attorney's fees may be taxed against the defendant.

Fla. Stat. § 56.26 (11).  After a thorough search of Florida case law, the Court has found no cases

applying this provision of the statute.  Furthermore, as Florida's supplementary proceedings statute is procedural in nature, *see Mission Bay Campland, Inc. v. Summer Financial Corp.*, 71 F.R.D. 432, 433 (M.D. Fla. 1976) (Fla. Stat. § 56.29 is "procedural law of Florida concerning postjudgment proceedings"), *Sverdahl v. Farmers & Merchants Sav. Bank*, 582 So.2d 738, 738-39 (Fla. 4th DCA 1991) (impleading parties under Fla. Stat. § 56.29 "determine no substantive rights") (citing to *Machado v. Foreign Trade, Inc.*, 544 So.2d 1061, 1061 (Fla. 3d DCA 189)), in a diversity case such as this one, the Court looks to federal case law in the determination of attorney's fees and costs.  *See McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir.2001), (holding that inquiry undertaken by federal courts to determine whether state or federal law governs in a diversity action, starts with whether the matter at hand is procedural or substantive for *Erie R.R. Co. v. Tompkins* purposes; if the matter is procedural, then federal law will apply).

### b.      Plaintiff's Verified Motion for Attorney's Fees [D.E. 166]

### I.      Applicable Standard

This Court has already set forth above the applicable standard for determination of attorney's fees under federal case law.   In short, the Court must first determine Plaintiff's entitlement to these fees and then consider the reasonableness of the requested fees.  Accordingly, the Court applies these standards to Plaintiff's Verified Motion for Attorney's Fees. D.E. 166.  Again, despite the lack of specific objection regarding any of Plaintiff's expenses, the Court must scrutinize all fees requested. *See  ACLU of Georgia*, 168 F.3d at 428 ("Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded").

## ii.    Determination of Reasonable Attorney's Fees

First, the Court determines that Plaintiff is entitled to attorney's fees for supplementary proceedings.  In this case, NiceStuff International consented to final judgment against itself, making Plaintiff the prevailing party.  The Court granted supplementary proceedings against Impled Defendants pursuant to Florida Statute § 56.29, and in the Court's September 3, 2009, Order held that NiceStuff Distributing, ESI, and Michael Savuskan were alter egos of NiceStuff International and liable to the same extent as NiceStuff International.  D.E. 191.  Accordingly, the Court finds that Plaintiff is entitled to recover "reasonable" and "just" attorney's fees and costs from NiceStuff International, NiceStuff Distributing, ESI, and Michael Savuskan   *See MCI Telecommunications Corp. v. O-Brien Marketing, Inc.*, 913 F. Supp. 1536, 1539-44 (S.D. Fla. 1995) (holding liable party impled under Fla. Stat. § 56.29 for judgment against defendant after piercing the corporate veil in supplementary proceedings); *see e.g., Cuban Cigar Bands, N.V. v. Tabacalera Popular Cubana, Inc.*. 2008 WL 4279641, *4 (S.D. Fla. Sept. 16, 2008) (retaining jurisdiction to rule on properly documented attorney's fees and costs motions in supplementary proceedings pursuant to  Fla. Stat. § 56.26 (11));  *Babbit Elecs., Inc. v. Dynascan Corp.*, 915 F. Supp. 335, 227 (S. D. Fla. 1995) (holding that counterplaintiff entitled to attorney's fees and costs against counterdefendants pursuant to Fla. Stat. § 56.26 (11)).[8]

---

[8]The Court is aware that some Florida case law precludes the award of attorney's fees and costs pursuant to § 56.29 (11), Fla. Stat., against impled third parties.  *See Gaedeke Holdings, Ltd. v. Mortgage Consultants, Inc.,* 877 So.2d 824, (Fla. 4th DCA 2004) (holding that under to § 56.29 (11), Fla. Stat.,  judgment creditor could not recover attorney's fee and costs from impled individuals who were found to have received fraudulent transfers from judgment debtor, but judgment creditor could recover attorney's fees and costs out of assets fraudulently transferred to the impled individuals and on remand directed trial court to issue appropriate order ); *see, e.g., PMI Mortgage Ins. Co. v. Kahn*, 2009 WL 4639638, *1 (Fla. 3d DCA Dec. 9, 2009) (fees pursuant to  § 56.29(11), Fla. Stat., may only be assessed against judgment debtor); *Bloco, Inc. v.*

Now, turning to the substance of Plaintiff's request for fees, the Court concludes that the rates sought by Plaintiff for its associate, partner, and paralegal hours are reasonable. In the year 2008, an hourly rate of $475.00 for a partner with 20 years of experience, $310.00 for an fifth-year associate, and $250 for a third-year associate fall well within rates charged by law firms in the local market at that time. *Global Horizons Inc. v. Del monte Fresh Produce N.A., Inc.*, 2009 WL 855970, *4- 5 (S.D. Fla. Mar. 31, 2009) (finding that rates from 2006 through early 2009, for partners ranging from $300-$475 an hour, for associates ranging from $185-$310 an hour are reasonable). Likewise, the Court concludes that based on its own expertise, in the year 2009, an hourly rate increase of $25 to $500.00 for a partner, hourly rate increase of $25 to $335.00 for an sixth-year associate, and hourly rate increase or $20 to $270 for a fourth-year associate also fall within rates charged by law firms in the 2009 local market and are reasonable. Similarly, where there has been no opposition submitted to the Court to the hourly rates requested by Plaintiff, even after the Court issued an Order to Show Cause to Defendants on November 10, 2009, requesting any opposition, the Court finds that Plaintiff's requested paralegal rates of $200.00 an hour in 2008, and $205.00 an hour in 2009, are

---

*Porterfield Oil Co., Inc.*, 990 So.2d 578, 580 (Fla. 2nd DCA 2008) (same). These cases, however, do not apply here because, first, Impled Defendants NiceStuff Distributing, ESI, and Michael Savuskan are not merely "impled defendants," as they have been found to be alter egos of judgment debtor or Defendant NiceStuff International. D.E. 191. Thus, for purposes of liability, these Impled Defendants stand in the same shoes as NiceStuff International, and are liable to the same and full extent as NiceStuff International. *Id.* Second, even if these cases were to apply here, the Court has held that Impled Defendants NiceStuff Distributing, ESI, and Michael Savuskan fraudulently received transfers of assets after entry of the Consent Judgment against NiceStuff International, and any order directing that the fraudulently transferred assets be applied towards satisfaction of NiceStuff International's debt would result in essentially the same outcome – satisfaction of NiceStuff International's debt to Plaintiff through assets of NiceStuff Distributing, ESI, and Michael Savuskan.

reasonable under the circumstances specific to this case.[9]

Next, the Court reviews the reasonableness of the hours expended by Plaintiff. After consideration of the Court's docket during the supplementary proceedings, the various briefs filed by Plaintiff, the complexity of the filings and amount of research required to support them, the additional discovery that took place during supplemental proceedings, as well as Plaintiff's appearances in Court and the numerous exhibits submitted and the detail provided by Plaintiff's billing records, the Court finds that all of the requested hours by Plaintiff are reasonable. In furtherance of the reasonableness of these hours, the Court notes that Mr. Hill and Ms. Pallett-Vasquez represent that they have excluded the hours of all individuals who billed fewer than 15 hours. Moreover, Ms. Galloway submits that pursuant to her review of the hours expended, it is her professional opinion that the hours are reasonable. Additionally, the hours requested by Ms. Pallett-Vasquez for preparation of Plaintiff's Verified Motion for Attorney's Fees are appropriate for the amount of work needed to prepare such a motion. Finally, the Court also adds that no party has objected to any of the hours requested by Plaintiff.

---

[9]

As indicated above, the Court acknowledges that such a paralegal rate is on the high end for years 2008, and 2009, *see, e.g., Global Horizons Inc.*, 2009 WL 855970 at *4- 5 (finding that for paralegal rates from 2006 through 2009 at $160 an hour as reasonable), and, thus, restricts this holding to the specific facts of this case.

Based on the inclusion of the additional reasonable hours for preparation of this Motion by Ms. Pallett-Vasquez in Plaintiff's requested fees, the Court calculates Plaintiff's reasonable fees as follows:

| Attorney or Paralegal Name | Total 2008 Hours | 2008 *Revised* Hourly Rate | 2008 *Revised* Fee Total | Total 2009 Hours | 2009 Preparation of Motion [D.E. 166] | 2009 *Revised* Hourly Rate | 2009 *Revised* Fee Total | *Revised* Sub-Totals |
|---|---|---|---|---|---|---|---|---|
| William K. Hill | 23.9 | $475 | $11,352.50 | 84.4 | N/A | $500 | $42,200.00 | $53,552.50 |
| Melissa Pallett-Vasquez | 3.1 | $310 | $961.00 | 67.2 | 4.3 | $335 | $23,952.50 | $24,913.50 |
| Jacqueline O'Reilly | 114.7 | $250 | $28,675.00 | 110.0 | N/A | $270 | $29,700.00 | $58,375.00 |
| Fanny Matas | 1.1 | $200 | $220.00 | 54.8 | N/A | $205 | $11,234.00 | $11,454.00 |
| **TOTAL** | | | | | | | | **$148,295.00** |

This total amount of reasonable fees of $148,295.00 for 465.50 hours of time equates to Plaintiff's request in its Verified Motion for Attorney's Fees. Accordingly, I recommend that Plaintiff's Verified Motion for Attorney's Fees [D.E. 196] be granted. As set forth in the Court's calculations above, I recommend that Plaintiff receive **$148,295.00** in reasonable attorney's fees relating to the supplementary proceedings and that these fees be imposed against NiceStuff International, NiceStuff Distributing, ESI, and Michael Savuskan in favor of Plaintiff.

### c.      Plaintiff's Verified Motion for Costs [D.E. 167]

### I.      Applicable Standard

In assessing Plaintiff's request for costs related to supplementary proceedings, the Court again looks to federal law to assess the reasonableness of the claimed costs. Under Federal Rule of Civil

Procedure 54(d), Fed. R. Civ. P.,  a prevailing party can receive those specific costs set forth in 28

U.S.C. § 1920:

> A judge or clerk of any of the United States may tax as costs the following:
>
> (1)     Fees of the clerk and marshal;
>
> (2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)     Fees and disbursements for printing and witnesses;
>
> (4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in case;
>
> (5)     Docket fees under section 1923 of this title;
>
> (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2008). Trial courts are accorded great latitude in ascertaining taxable costs.  In

exercising discretion to tax costs, however, absent explicit statutory authorization, federal courts are

limited to those costs specifically enumerated in 28 U.S.C. § 1920.  *See Crawford Fitting Co. v. J.T.*

*Gibbons, Inc.,* 482 U.S. 437, 445 (1987); *see also EEOC v. W & O, Inc.,* 213 F.3d 600, 620 (11th

Cir.2000); *see also Glenn v. General Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir.1988).

### ii.     Determination of Recoverable Costs

First, the Court finds that pursuant to the parties' Consented Final Judgment in Favor Of

Plaintiff [*see* D.E. 31], Plaintiff is the prevailing party in this case.  Second, the Court must determine

whether the costs requested by Plaintiff in its Verified Motion for Costs [D.E. 167], as revised by its

Notice of Filing of Supplemental Document In Support of Its Motion For Costs [*see* D.E. 205] are

recoverable.  Plaintiff seeks to recover a total of $8,859.79 in costs.  D.E. 205.  Though the record lacks any specific objection regarding any of Plaintiff's costs, the Court must scrutinize all costs requested.

### (a)      Service Fees

For the service of process on the corporate representative of Impled Defendant ESI, Inc., Plaintiff seeks $75.00.  The Eleventh Circuit has held that private process server fees may be taxed under §1920, to the extent that their fees do not exceed the statutory fees authorized for service by U.S. Marshal Service.  *See Exemar v. Urban League of Greater Miami, Inc.*, 2009 WL 259677, * 2 (S.D. Fla. Feb. 4, 2009) (citing *EEOC v. W&O, Inc.*, 213 F.3d at 624).  I will recommend that the charges for service of process on the corporate representative be reduced from $70.00 to $45.00, the amount charged by the Marshals for the same service, and thus, recommend that the Court grant Plaintiff this cost in part. *See Nuts & Boats, Inc. v. M/V ATLAS*, 2008 WL 2699922, *1 (S.D. Fla. July 10, 2008) (reducing fees for service from $70 to $45, the minimum amount charged by the Marshals for the same service).

### (b)      Transcript Expenses

According to Plaintiff's Motion, Plaintiff seeks $2,574.15 for transcript and deposition expenses.  The Eleventh Circuit has held that a party is entitled to recover fees for depositions and transcripts that were necessarily obtained for use in the case.  *EEOC v. W&O, Inc.*, 213 F.3d at 620. Recoverable costs include deposition transcript costs and attendance fees of the court reporter or *per diem*.  *See Licausi v. Symantec Corp.*, 2009 WL 3177566, * 3 (S.D. Fla. Sept. 29, 2009) (citing *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21, 2007)).  Fees related to expedited or condensed transcripts, compressed or mini-script versions and CD ROMS's with

ASCII, however, are not recoverable. *See Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 2009 WL 4633526, * 21 n.14 (S.D. Fla. Dec. 2, 2009); *Licausi*, 2009 WL 3177566 at * 3 (citing *Smith v. Quintiles Int'l*, 2007 WL 2412844, *5 (M.D. Fla. Aug. 21, 2007); *University of Miami v. Intuitive Surgical, Inc.*, 2007 WL 781912, * 1 (S.D. Fla. March 13, 2007)).   Normal delivery charges for transcripts are considered reasonable costs associated with depositions and are recoverable. *Smith*, 2007 WL 2412844 at *5 (citing *E.E.E.C. v. W&O, Inc.*, 213 F.3d at 621; *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1298 (M.D. Fla. 2000)).

Plaintiff represents that the transcripts for the depositions of Mrs. Savuskan, Mr. Wenning, Mr. Savuskan and Mr. Karayev and the depositions themselves, were necessary for use in the case and were extensively quoted in briefs filed during the supplementary proceedings. D.E. 205.   In support of the costs for these depositions, Plaintiff submits invoices for these depositions as Exhibits 2-5. D.E. 205-2; D.E. 205-3; D.E. 205-4; D.E. 205-5.  The charges for Mrs. Savuskan, Mr. Savuskan and Mr. Karayev's depositions reflected on these invoices include transcripts, deposition attendances, ASCII or mini-scripts and delivery charges. D.E. 205-2; D.E. 205-4; D.E. 205-5.  The charges for Mr. Wenning's deposition include the transcript, CD litigation package, and shipping and handling. D.E. 205-3.

In light of the applicable case law, I recommend that charges for ASCII or mini-script, at an individual cost of $30.00 each, for Mrs. Savuskan, Mr. Savuskan and Mr. Karayev's depositions, and CD litigation package, at an individual cost of $35.00, for Mr. Weninning's deposition  be deducted from Plaintiff's request for transcript and deposition expenses, for a total deduction of $125.00.   All of the other costs related to transcripts from these depositions are reasonable and recoverable under § 1920.  Accordingly, after deduction of $125.00 from Plaintiff's requested transcript costs ($2,574.15

- $125.00 = $2,449.15), I recommend granting Plaintiff $2,449.15 in transcript expenses.

### (c)   Witness Fees

Regarding witness fees, Plaintiff asks the Court to reimburse it for $45.00 in witness fees as expended for the corporate representative of ESI, Inc., as reflected in Exhibit 6.  Fees for witnesses who appear in federal court or for a deposition are set at $40.00 a day.  *Rosa v.City of Fort Myers*, 2008 WL 1776458, * 2 (M.D. Fla. April 18, 2008) (citing *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir. 1998); *Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 672 (11th Cir. 1993)). Accordingly, I recommend that Plaintiff receive $40.00 for witness fees.

### (d)   Westlaw, PACER and Corporate Searches

Plaintiff requests Westlaw fees in the amount of $1,122.28, for online legal research, PACER fees in the amount of $35.76, for accessing the Court's docket, and $47.01 for corporate searches. As there is no explicit authorization to grant these costs under § 1920, they are not recoverable.  *See EEOC v. W & O, Inc.,* 213 F.3d at 620 (*fees not enumerated in statute not recoverable under § 1920); Smith v. HM Wallace, Inc.*, 2009 WL 3179539, * 3 (S. D. Fla. Oct. 1, 2009) (Lexis and PACER costs not recoverable under § 1920); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 2009 WL 1809983, *2 (S. D. Fla. June 25, 2009) (holding computerized legal research and PACER fees not recoverable); *Porcelanas Floriencia, S.A. v. Caribbean Resort Suppliers, Inc.*, 2009 WL 1456338, *7 (S.D. Fla. May 22, 2009) (same) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Corsair Asset Mgmt. v. Moskowvitz*, 142 F.R.D. 347, 351 (N.D. Ga. 1992)).  Accordingly, I recommend that these costs be denied.

### (e)      Postage

Plaintiff seeks reimbursement for $104.52 for postage charges.  Postage costs are not recoverable under § 1920.  *See Porcelanas Floriencia, S.A.*, 2009 WL 1456338 at *7 (denying postage fees as not recoverable under § 1920) (citing *Duckworth*, 97 F.3d at 1399; *Corsair Asset Mgmt.*, 142 F.R.D. at 352).   Thus, I recommend that these costs be denied.

### (f)      Long Distance Telephone Charges

According to Plaintiff, Plaintiff's costs for long distance total $84.37, and Plaintiff requests that the Court grant reimbursement for these costs.  In this circuit, some courts have found that "reasonable" long-distance charges are recoverable under under § 1920,  *see Porcelanas Floriencia, S.A.*, 2009 WL 1456338 at * 8 (holding that $65.39 in long distance calls are reasonable and, thus, recoverable under § 1920) (citing *Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1192 (11th Cir. 1983)), while other courts have reached the contrary conclusion, *see Doria v. Class Action Servs., Inc.*, 2009 WL 3055367, *5 (S.D. Fla. Aug. 17, 2009) (citing *Global Patent Holdings, LLC*, 2009 WL 1809983 at *2)); *Corsair Asset Mgmt.*, 142 F.R.D. at 351.  Under the circumstances where no party has objected to these costs, Plaintiff has submitted a detailed summary of all long-distance calls establishing the reasonableness of the costs, and the existence of some case law supports recovery of the costs under § 1920, I recommend that these costs be granted.

### (g)      Photocopies

For photocopying expenses, according to its Notice of Filing Supplemental Document in Support of Its Motion for Costs, Plaintiff seeks a revised total of $4,266.62.[10]   Photocopies are

---

[10]  In its Notice, Plaintiff represents that it seeks $4,356.22 in photocopying costs and submits two exhibits, Exhibits 7 and 8, in support of those costs. D.E. 205, 205-7, 205-8.  After review of these Exhibits, and repeatedly adding up the costs reflected in these Exhibits, however,

recoverable under § 1920 if the copies were necessarily obtained for use in the case.  *EEOC  V. W &*

*O, Inc.*, 213 F.3d at 622-23; *Smith*, 2009 WL 3179539 at *3.   If copies were made merely for

counsel's convenience or constituted general copying, however, those costs are not recoverable.

*Duckworth*, 97 F.3d at 1399 (general copying nonrecoverable); *Smith*, at *3; *For Play Limited v. Bow*

*to Stern Maintenance, Inc.*, 2006 WL 3662339 (S. D. Fla. Nov. 6, 2006) (copies made for counsel's

convenience nonrecoverable) (internal cites omitted).  Copies attributable to discovery, copies of

pleadings, correspondence, documents tendered to the opposing party, copies of exhibits and

documents prepared for the court's consideration are recoverable. *See Global Patent Holdings Inc.*,

2009 1809983 at *3 (internal cites omitted).   Extra copies, however, are deemed obtained only for

convenience of counsel and are not recoverable.  *Id.* (internal cite omitted).   The moving party bears

the burden of showing that the costs are recoverable.  *Duckworth*, 97 F.3d at 1399.

       In this case, Plaintiff provides an invoice of in-house copying and printing which reflects a

total of $4,087.50.  D.E. 205-7.  Plaintiff asserts that these copies were necessarily obtained for use

in the case and that most of these photocopies were incurred in preparation for the March 9, 2009,

evidentiary hearing.  A review of Plaintiff's in-house copying invoice reveals that it lacks detail  of

what these copies were made, but shows a last half of the charges were incurred during the month of

March, 2009.  Based my knowledge of the supplementary proceedings in this case including the

_____

the Court finds that total photocopying costs as reflected in these Exhibits is $4,266.62, and not
$4,356.22.  Specifically, in Exhibit 7, Plaintiff provides two separate spread sheets regarding in-
house copying, including a 9-page spreadsheet totaling $912.75 [*see* D.E. 205-7 at 1-9], and a 2-
page spread sheet totaling $3,174.75, for a total in-house copying cost of $4,087.50 ($912.75 +
$3,174.75 = $4,087.50).  In Exhibit 8, Plaintiff provides an outside vendor invoice reflecting costs
for $179.12.  Adding the costs indicated in both exhibits ($4,087.50 + $179.12 = $4,266.62), the
Court calculates a grand total of $4,266.62.  Accordingly, the Court will consider the amount
reflected in Plaintiff's submitted Exhibits of $4,266.62 as Plaintiff's revised cost request for
photocopying.

extensive supplemental briefing and discovery that transpired as well as the numerous exhibits submitted at the evidentiary hearing, I find that these expenses were necessarily obtained for use in the case and reasonable under the circumstances.

Regarding outside copying charges of $179.12, Plaintiff supports this charge by stating that these costs were necessarily incurred due to the extensive briefing in January, 2009, discovery, and the depositions of Mr. Wenning and Mr. Savuskan in the same month.  I agree.  Accordingly, I recommend that Plaintiff be awarded $4,266.62 in photocopying costs.

### (h)      Telecopies or Fax Transmissions

Regarding telecopies, Plaintiff asks the Court to grant it $299.00 in costs.  Fax transmissions are not recoverable under § 1920.  *See Doria*, 2009 WL 3055367 at*5 (citing *Global Patent Holdings, LLC*, 2009 WL 1809983 at *2)); *Corsair Asset Mgmt.*, 142 F.R.D. at 351.  Thus, I recommend that these costs be denied.

### (I)      Federal Express Charges

Plaintiff asks to be reimbursed for $121.47 in Federal Express charges.  Many courts have found Federal Express charges to be non-recoverable.  *Financial Bus. Equipment Solutions, Inc. v. Quality*, 2009 WL 1423931, *3 (S.D. Fla. May 18, 2009) (Federal Express charges not recoverable); *Smith v. Quintiles Intern.*, 2007 WL 2412844, * 4 ( M.D. Fla Aug. 21, 2007) (Federal Express charges not recoverable).  *Corsair Asset Mgmt.*, 142 F.R.D. at 351 (same).  Furthermore, even if a court may consider such a cost recoverable, a party must establish the necessity or extraordinary circumstances to justify the expense.  *Kerns v. Pro-Foam of South Alabama, Inc.*, 2007 WL. 2710372, * 3 (S. D. Ala. Sept. 13, 2007) (finding moving party failed to established the need for federal express charge, and, thus, holding that appeared incurred solely for convenience of counsel, not recoverable under

§ 1920).  Plaintiff's representation that Federal Express charges "were necessary in certain circumstances due to the expedited nature of certain matters" [*see* D.E. 205 at 3] is not specific enough to allow the Court to evaluate the need for Plaintiff to use Federal Express.  Nor do the airbills submitted as Exhibit 15 enlighten the Court regarding the specific need for incurring these charges or the extraordinary circumstances that would otherwise justify them.  Accordingly, I recommend that these costs be denied.

As set forth above, I recommend that Plaintiff's pending Verified Motion for Costs be granted in part and denied in part, and that Plaintiff be awarded **$6,885.14 in costs.**[11]  Further, I recommend that these costs be imposed against NiceStuff International, NiceStuff Distributing, ESI, and Michael Savuskan.

**B. Summary of Recommendations Regarding Plaintiff's Motion for Entry of Judgment**

Specifically, I recommend that pursuant to Judge Dimitrouleas's September 4, 2009, Order [*see* D.E. 191], NiceStuff International, NiceStuff Distributing, ESI, and Michael Savuskan, personally, by held liable for the following:

1)   The Consented Final Judgment in Favor of Plaintiff for the judgment of **$160,740.56, plus interest at a legal rate, at 11% per year** [*see* D.E. 30];

2)   The costs and fees relating to Parrot's Motion to Compel [*see* D.E. 31, 66, 72] that I found to be reasonable, for a total of **$14,337.00**; and

3)   The costs and fees incurred by Parrot  as a result of supplementary proceedings, plus the fees incurred in connection with bringing the motions for fees and costs relating

---

[11]  The total amount of recoverable costs is calculated as follows: 45.00 (service fees) + $2,449.15 (transcript expenses) + $40.00 (witness fees) + $84.37 (long-distance telephone calls) + $4,266.62 (photocopying costs) = $6,885.14.

to Parrot's Verified Motions for Attorney's Fees and Costs [*see* D.E. 196, 197] that I found to be reasonable, for a subtotal of **$148,295.00** in fees and **$6,885.14** in costs, for a grand total amount of **$155,180.14**.[12]

### *III. Conclusion and Recommendation*

For the foregoing reasons, I respectfully **RECOMMEND** the following:

A.    Plaintiff's Verified Motion for Attorney's Fees [D.E. 196] be granted in part and denied in part for a total fee recovery of **$148,295.00**;

B.    Plaintiff's Verified Motion for Costs [D.E. 197] be granted in part and denied in part for total cost recovery of **$6,885.14**;

C.    Plaintiff's Motion for Entry of Judgment [D.E. 202] be granted in part and denied in part against NiceStuff International, NiceStuff Distributing, ESI, and Michael Savuskan, for the following amounts:

1)    **$160,740.56, plus interest at a legal rate, at 11% per year** for the Consented Final Judgment in Favor of Plaintiff [*see* D.E. 30];

2)    **$14,337.00** for the costs and fees relating to Parrot's Motion to Compel [*see* D.E. 31, 66, 72]; and

3)    The costs and fees incurred by Parrot as a result of supplementary proceedings, plus the fees incurred in connection with bringing the motions for fees and costs relating to Parrot's Verified Motion for Attorney's Fees [*see* D.E. 196], be granted, and Parrot's Verified Motion for Costs [*see* D.E. 197] be granted

---

[12]  The grand total of fees and costs is calculated as follows: $148,295.00 + $6,885.14 = $155,180.14.

in part and denied in part, as set forth in paragraphs III.A. and B. above.

The parties shall have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal the factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*); 28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 2nd day of February, 2010.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:    Honorable William P. Dimitrouleas
       Counsel of Record

33